(88 South. 44)

GRIMMER v. GRIMMER. (4 Div. 651.)

(Court of Appeals of Alabama. Nov. 9, 1920. Rehearing Denied Dec. 7, 1920.)

1. PLEADING ⬅️131 — IN AN ACTION FOR RENT, PLEAS IN CONFESSION AND AVOIDANCE MUST SHOW THAT LESSOR HAD NO TITLE.

In an action for rent, pleas in the nature of confession and avoidance, to be good, must show that the lessor had no title.

2. PLEADING ⬅️34(4)—CONSTRUCTION MOST STRONGLY AGAINST PLEADER.

Pleading must be construed most strongly against pleader.

3. LANDLORD AND TENANT ⬅️230(2) — PLEA HELD INSUFFICIENT TO DEFEAT RECOVERY OF RENT, THOUGH AVERRING THAT PROPERTY WAS HOMESTEAD OF TENANT'S DECEASED HUSBAND.

While a widow's rights are not subordinate to the heir, and the duty of having a dower assigned is incumbent on the heir or personal

representative, and not the widow, nevertheless, in an action for rent under a contract providing that a widow should pay stipulated rental for occupancy of the lessor's share of an undivided 215 acres, pleas setting up that the property was occupied as the homestead plantation of the widow's husband, and that no dower, etc., had been assigned to her, are insufficient to bring her completely within Code 1907, § 3824; it not appearing that the lessor was not a co-owner with the husband instead of his heir.

Appeal from Circuit Court, Pike County; A. B. Foster, Judge.

·Assumpsit by Irene Grimmer, as administratrix, against M. J. Grimmer. From a judgment sustaining the demurrers to the pleas, and entering judgment for the plaintiff, the defendant appeals. Affirmed.

W. L. & R. S. Parks, of Troy, for appellant.

Before assignment of dower, the widow may obtain possession of the lands and the dwelling of her husband. Section 3824, Code 1907. There is nothing more we can say upon the subject for the enlightenment of the court.

John H. Wilkerson, of Troy, for appellee. No brief reached the Reporter.

BRICKEN, P. J. Suit by Irene Grimmer, as administratrix of the estate of T. J. Grimmer, deceased, against M. J. Grimmer, for breach of the following contract:

"State of Alabama, Pike County.

"This agreement entered into by and between Mrs. M. J. Grimmer, of the first part, and J. T. Grimmer, of the second part, witnesses: That the said Mrs. M. J. Grimmer has this day leased from J. T. Grimmer that share or part or undivided 215 acres of the estate of J. A. Grimmer which said J. T. Grimmer bought from his brother J. I. Grimmer, and now in possession of Mrs. M. J. Grimmer, for an annual rental of one hundred dollars ($100.00), for a period until the said farm of 215 acres is divided between the heirs of J. A. Grimmer, deceased. After said division of land is complete, said rent shall at once cease and terminate upon payment of the rent then due. Said rents payable at the Farmers' & Merchants' National Bank, Troy, Ala., and who will be the custodian of this instrument.

"[Signed] M. J. Grimmer.
"[Signed] J. T. Grimmer.

"Witness:
"Signed before me this Oct. 26, 1918.
"[Signed] R. F. Park, J. P."

The breach alleged was the failure to pay at the due date. It was also alleged that J. T. Grimmer was dead, and that Irene Grimmer had been duly appointed administratrix of his estate.

The defendant answered as follows:

"(1) That the contract, the foundation of this suit, is without consideration at the time it was executed and now, in that said contract was made by the defendant for the rent of 215 acres of land which belonged to J. A. Grimmer in his lifetime, and upon which his dwelling house was situated at the time of his death, and is the place where the said J. A. Grimmer resided at the time of his death, and the said 215 acres constitute the plantation connected with said dwelling house and upon which said dwelling house is located; that defendant was the wife of the said J. A. Grimmer at the time of his death and is now his widow and was at the time of making of said contract; that she was residing with her husband upon said dwelling and plantation at the time of his death and has been ever since his death; that no homestead exemption in said plantation has been set apart to her nor has any dower been allotted or set apart or assigned to her nor had there been any homestead exemption made or set apart to her nor any dower assigned or allotted to her at the time of the making of said contract, nor since.

"(2) That the agreement sued upon is without consideration, in this, that the consideration expressed in said agreement was for the rent of a part of 215 acres which constitutes the dwelling and plantation connected therewith of J. A. Grimmer during his lifetime; that the said J. A. Grimmer had died prior to the making of said contract, and that defendant is the widow of J. A. Grimmer, deceased, and was residing with the said J. A. Grimmer on said lands at the time of his death and residing on same at the time said contract was made, and at the time said contract was made no assignment or allotment of dower was made to her in said lands nor has any been made since said time; that no homestead exemption in said land had been set apart to her at the time of said contract nor since said time."

Numerous demurrers were interposed, and sustained to these pleas, and, defendant declining to plead further, there was judgment for the plaintiff.

Appellant cites section 3824, Code 1907, as justifying the pleas, and concludes by saying:

"There is nothing more we can say upon the subject for the enlightenment of the court."

[1] Appellee files no brief at all. The pleas are in confession and avoidance, and are subject to the demurrer that they fail to aver that the lessor had no title or interest in the land at the time the contract was made. The contract sued on asserts an interest in the land, and the pleas do not deny the assertion of interest except inferentially.

[2] It is a familiar rule that pleadings must be construed most strongly against the pleader, and, so construing these pleas, the court cannot say that the defendant brought herself completely within the provisions of section 3824, Code 1907.

[3] We are not unmindful of the rule that the widow's rights are not subordinate to the heir, and the further rule that the prime duty of having dower assigned is not incumbent upon the widow, but upon the heir or personal representative.

So far as appears, plaintiff's intestate was not an heir, but joint owner with J. A. Grimmer in the 215 acres, and therefore not within the statute or rules above referred to. The decision goes no further than to say that the pleas were not good as an answer to the complaint.

Affirmed.

SAMFORD, J. (concurring). In addition to the reasons as set out in the opinion of BRICKEN, P. J., I am of the opinion that the quarantine rights of the widow as fixed by the statute may be waived by her. Therefore, when she attorned to one holding the legal title to the land, she waived her quarantine rights to that extent and yielded the possession of the land to the party holding title.